UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VANESSA MANNING, Individually and as Parent
and Legal Guardian of M.P., an infant and
MINEASHA ALLEN, as Parent and Legal Guardian
of I.I., an infant,

          Plaintiffs,

v.                   5:07-CV-0291
                   (FJS/GHL)
CITY OF AUBURN, JOHN DOE ONE, and
JOHN DOE TWO,

          Defendants.
_____

APPEARANCES:              OF COUNSEL:

VANESSA MANNING
 Plaintiff, *Pro Se*
126 South Fulton Street
Auburn, NY 13021

MINEASHA ALLEN
 Plaintiff, *Pro Se*
125 South Fulton Street
Auburn, NY 13021

RYAN & SMALLACOMBE, PLLC       CLAUDIA A. RYAN, ESQ.
 Counsel for Defendants
100 State Street, Suite 800
Albany, New York 12207

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

   This civil rights action has been referred to me by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, to hear and determine any pretrial matters therein, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3 of the Local Rules of Practice for this Court.  For the

reasons set forth below, I recommend that Plaintiffs' Complaint be *sua sponte* dismissed for failure to prosecute and/or failure to comply with two Orders of the Court.

**I.      RELEVANT BACKGROUND**

Plaintiffs, then represented by attorney George S. Mehallow, commenced this action on March 19, 2007.  (Dkt. No. 1.)  On April 26, 2007, they were granted leave to proceed *in forma pauperis*.  (Dkt. No. 5.)  On July 11, 2007, Defendants filed their answer.  (Dkt. No. 8.)

Subsequently Mr. Mehallow moved for leave to withdraw.  (Dkt. No. 10.)  By Order dated October 5, 2007, I directed Mr. Mehallow and Plaintiffs to attend an in-person conference before me on October 10, 2007, at 9:30 a.m.  Mr. Mehallow appeared as directed but Plaintiffs failed to do so.  On October 22, 2007, I issued an Order granting Mr. Mehallow leave to withdraw and directing Plaintiffs to take two steps so that the litigation could proceed: (1) notifying the Court by November 19, 2007, if they had retained new counsel or if they intended to proceed *pro se*; and (2) participating in a teleconference with the Court and opposing counsel on December 4, 2007, at 12:30 p.m.  (Dkt. No. 12.)  Plaintiffs failed to take either step.

On December 4, 2007, I issued an Order directing that, on or before December 21, 2007, Plaintiffs communicate with my Courtroom Deputy by telephone or by letter, to advise him as to a date and time when they will be available for a rescheduled teleconference.  (Dkt. No. 14.)  I further advised Plaintiffs that, if they failed to communicate with my Courtroom Deputy as directed, I would consider recommending dismissal of their Complaint.  (*Id*.)  Again, they failed to comply with my Order.

**II      GROUNDS FOR *SUA SPONTE* DISMISSAL OF PLAINTIFF'S COMPLAINT**

Plaintiffs have failed to diligently prosecute this action in the following four ways: (1) following the successful withdrawal of their attorney from the case on October 22, 2007,

2

Plaintiffs failed to notify the Court (by November 19, 2007, or at any time) if they had retained new counsel or if they intended to proceed *pro se*; (2) they failed to participate in a teleconference with the Court and opposing counsel scheduled for December 4, 2007, at 12:30 p.m.; (3) they failed to communicate with my Courtroom Deputy on or before December 21, 2007, to advise him as to a date and time when they will be available for a rescheduled teleconference; and (4) they have failed to take any action in the case whatsoever since October 22, 2007, when I granted the request of their attorney, Mr. Mehallow, to withdraw from the case.

Moreover, the first three of these failures constitute violations of two Orders issued by the Court. (*See* Dkt. Nos. 12, 14.)

Under the circumstances, the Court possesses the authority to *sua sponte* dismiss the action under numerous Federal Rules of Civil Procedure and Local Rules of Practice for this Court. *See*, *e.g.*, Fed. R. Civ. P. 41(b) (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant");[1] Fed. R. Civ. P. 16(f) (permitting imposition of sanctions for violation of pretrial order); N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed. . . . [T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.").

I note that I have carefully weighed the five factors considered by the Second Circuit when reviewing a district court's order to dismiss an action for failure to prosecute, and/or for

---

[1] *Saylor v. Bastedo*, 623 F.2d 230, 238-239 (2d Cir. 1980) (recognizing that, under the language of Rule 41[b], a district court retains the inherent power to dismiss a plaintiff's complaint, *sua sponte*, for failure to prosecute) [citations omitted].

failure to comply with an order of the district court, under Rule 41(b),[2] and I find that they weigh decidedly in favor of dismissal.

For all of these reasons, I recommend that Plaintiff's Complaint be dismissed *sua sponte*.

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's remaining claims in this action be **<u>DISMISSED</u>** *sua sponte* for failure to prosecute, and/or for failure to comply with two orders of the Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Svcs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 25, 2008
      Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge

---

[2] These five factors are as follows:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*See Shannon v. GE Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (failure to prosecute action) [citation and internal quotation marks omitted]; *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (failure to comply with order of court) [citations omitted].